Original ☐



CLERK'S OFFICE
A TRUE COPY
Dec 05, 2023
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>the examination of property, more specifically three black TCL cell phones, two of which are<br>smart phones, and one is a flip phone. All three of the cell phones have black or dark grey<br>cases that all have "TCL" printed on the back (matching ATF evidence number 000005)<br>("Target Cell Phones"). The Target Cell Phones are described herein, and in Attachment A,<br>and the extraction of evidence described in Attachment B. Target Cell Phones are currently<br>located in the evidence vault of the ATF Milwaukee Field Office. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 23-M-491 (SCD) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Eastern_____ District of _____Wisconsin_____ *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____12-19-23_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Honorable Stephen C. Dries_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   _____12-5-23. 10:05 am_____          *Stephen C. Dries*
                                                                          *Judge's signature*

City and state:   _____Milwaukee, WI_____          Honorable Stephen C. Dries, U.S. Magistrate Judge
                                                                          *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## **ATTACHMENT A**

### *Items to be searched.*

**A1.**          Dark Grey smart phone with "cricket" and "TCL" printed on back. Originally labeled as part of evidence item # 1 under Westfield PD case # 23-W00174 and now currently labeled as part of evidence # 000005 under ATF case # 772120-23-0084.

**A2.**          Black smart phone with "TCL" printed on the back.  Originally labeled as part of evidence item # 1 under Westfield PD case # 23-W00174 and now currently labeled as part of evidence # 000005 under ATF case # 772120-23-0084.

**A3.**          Dary Grey flip phone with "TCL" printed on the back.  Originally labeled as part of evidence item # 1 under Westfield PD case # 23-W00174 and now currently labeled as part of evidence # 000005 under ATF case # 772120-23-0084.



*The above photograph is of the "**Target Cellphones**" with each individual cellphone labeled.

11

# ATTACHMENT B

## *Property to be seized*

All records and information contained in the target cell phone described in Attachment A, which relate to violations of Title 21, United States Code, Sections 841(a)(1), 846, and Title 18, United States Code, Sections 922(g) and 924(c) with regard to Curtis WALKER and other co-actors, and other known and unknown co-conspirators including, but not limited to:

a. lists of contacts with any identifying information;

b. photographs, videos, or other media storage connected to drugs, firearms or other related illegal activity.

c. any stored GPS location tracking/logging files that may provide additional evidence as to the targets' travels and may provide evidence as to the location where the alleged illegal actions occurred.

d. types, amounts, and prices of controlled substances and/or firearms purchased/sold;

e. any information related to sources or purchasers of controlled substances and/or firearms (including names, addresses, phone numbers, or any other identifying information);

f. any and all codes used to identify either controlled substances and/ or firearms;

i. documentation establishing the identity of the individuals in control of the residences, the cell phones, and any of the illegal sale and possession of firearms and/or drug trafficking;

j. any and all financial records connected to the purchase/sale of firearms, and/or drug trafficking and any correspondence regarding other firearms/drug trafficking and/or purchasers;

12

k.     any evidence of unlawful firearms possession, firearms trafficking, and drug trafficking;

l.     any evidence of proceeds of firearm and/or drug trafficking activities, including United States currency;

m.     all bank records, checks, credit card bills, account information, and other financial records; financial records, documents, statements, or other evidence of control of bank or other financial accounts and investment funds which may be connected to illegal firearms possession, firearms trafficking, or drug trafficking'

n.     lists of firearm and narcotic trafficking customers and/or sources and related identifying information;

o.     personal address books, telephone bills, photographs, letters, personal notes, documents, and other items or lists reflecting names, addresses, telephone numbers, addresses and communications regarding illegal activities among and between members and associates involved in firearm and drug trafficking activities;

p.     any evidence of documents and deeds reflecting the purchase or lease of items obtained with the proceeds from firearm and drug trafficking activities;

q.     records of off-site locations to store proceeds and other records, including safes, vaults, or lock boxes, safe deposit box keys, records and receipts and rental agreements for storage facilities;

r.     records of mail and communications services, cellular telephones and all electronic storage areas on the device including stored telephone numbers, recently called numbers list, text messages, digital audio and or video recordings, pictures, settings, and any other user defined settings and/or data;

13

s.       evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history; and

t.       records evidencing the use of the Internet Protocol address, including:

•       records of Internet Protocol addresses used;

•       records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

14



CLERK'S OFFICE
A TRUE COPY
Dec 05, 2023
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

the examination of property, more specifically three black TCL cell phones, two of which are smart phones, and one is a flip phone. All three of the cell phones have black or dark grey cases that all have "TCL" printed on the back (matching ATF evidence number 000005) ("Target Cell Phones"). The Target Cell Phones are described herein, and in Attachment A, and the extraction of evidence described in Attachment B. Target Cell Phones are currently located in the evidence vault of the ATF Milwaukee Field Office.

Case No. 23-M-491 (SCD)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the _____Eastern_____ District of _____Wisconsin_____ , there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841 and 846 | Possession with Intent to Distribute a Controlled Substance |
| 18 U.S.C. § 922(g)(1) | Unlawful Possession of a Firearm by a Convicted Felon |
| 18 U.S.C. § 924(c) | Possession of a Firearm during and in furtherance of a Drug Trafficking Offense |

The application is based on these facts:

Please see Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

ALEXANDER ERLIEN   Digitally signed by ALEXANDER ERLIEN
Date: 2023.12.04 14:03:31 -06'00'

*Applicant's signature*

Alexander Erlien, Special Agent, ATF

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____telephone_____ *(specify reliable electronic means)*.

Date: ____12-5-23____

*Judge's signature*

City and state: Milwaukee, WI

Honorable Stephen C. Dries, U.S. Magistrate Judge

*Printed name and title*

<strong>AFFIDAVIT IN SUPPORT OF</strong>

<strong>APPLICATIONS FOR SEARCH WARRANTS</strong>

I, Alexander Erlien, being first duly sworn, hereby depose and state as follows:

# I.     <u>INTRODUCTION AND AGENT BACKGROUND</u>

1.     I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for a search warrant authorizing the examination of property, more specifically three black TCL cell phones, two of which are smart phones, and one is a flip phone. All three of the cell phones have black or dark grey cases that all have "TCL" printed on the back (matching ATF evidence number 000005) ("**Target Cell Phones**"). The Target Cell Phones are described herein, and in Attachment A, and the extraction of evidence described in Attachment B. Target Cell Phones are currently located in the evidence vault of the ATF Milwaukee Field Office, Group III evidence vault, at 4725 West Electric Ave, West Milwaukee WI.

> **A1.**     **Dark Grey smart phone with "cricket" and "TCL" printed on back. Originally labeled as part of evidence item # 1 under Westfield PD case # 23-W00174 and now currently labeled as part of evidence # 000005 under ATF case # 772120-23-0084.**

> **A2.**     **Black smart phone with "TCL" printed on the back. Originally labeled as part of evidence item # 1 under Westfield PD case # 23-W00174 and now currently labeled as part of evidence # 000005 under ATF case # 772120-23-0084.**

> **A3.**     **Dary Grey flip phone with "TCL" printed on the back. Originally labeled as part of evidence item # 1 under Westfield PD case # 23-W00174 and**

1

**now currently labeled as part of evidence # 000005 under ATF case # 772120-23-0084.**

2.      I have been a Special Agent (SA) with the ATF since September 26, 2018. I was previously employed as Police Officer for the City of Janesville, Wisconsin for approximately five and a half years, and prior to that, I was an Officer in the United States Navy for approximately five years. I have a bachelor's degree in philosophy from the University of Wisconsin – Madison. I have been involved in numerous investigations involving violations of firearms laws, drug trafficking, human trafficking, and drug possession, resulting in the arrest of numerous criminal defendants and the seizure of illegal firearms and illicit controlled substances.

3.      I have received training in the investigation of unlawful possession of firearms and possession of firearms by prohibited persons, as well as drug trafficking and related offenses. I have been trained regarding these offenses and has arrested individuals for federal firearms related offenses, as well as drug trafficking offenses. I have also investigated drug trafficking offenses at the state and federal level, including violations of Title 21, United States Code, Sections 841, 846, and 856.   I know from training and experience that those that commit crimes commonly communicate, photograph, videotape, and organize using electronic devices, including by phone call, text message, electronic mail, messaging application, and social media.

4.      I have participated in numerous investigations involving the seizure of computers, cellular phones, cameras, and other digital storage devices, and the subsequent analysis of electronic data stored within these devices. I have also participated in investigations involving the use of historical and prospective location information to identify targets, map patterns of travel, corroborate other evidence, and apprehend persons to be arrested. On numerous occasions, this electronic evidence has provided proof of the crimes being investigated and corroborated

2

information already known or suspected by law enforcement. During the course of my investigations, I have regularly used electronic evidence relating to the commission of criminal offenses, including intent, motive, manner, means, and the identity of co-conspirators.

5.      I have participated in the execution of numerous search warrants in which weapons, narcotics, and/or evidence of drug trafficking were seized in violation of state and federal laws. I am familiar with the different types and calibers of firearms and ammunition commonly possessed for illegal purposes, as well as the methods used to conduct narcotics trafficking. I have had a variety of formal, informal, and on the job training in the investigation of illegal firearms possession, firearms trafficking, and drug trafficking. Additionally, I am familiar with street name(s) of firearms, controlled substances, and respective related topics, as well as has knowledge of the use of money laundering to conceal ill-gotten money.

6.      In the course of my experience, I have and continue to be involved in investigations where DNA analysis provided evidence of crimes and of a particular person's participation in a crime, including the packaging and manufacturing of drugs, the control of or nexus to drug premises, and the possession of firearms, ammunition, and firearms accessories.

7.      This affidavit is based upon my personal knowledge and upon information reported to me by other federal, state, and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable.

8.      This affidavit is made in support of an application for a warrant to search the **target cell phones** identified in Attachment A. The search will be for evidence and instrumentalities associated with violations of Title 21 Section 841 and 846 (possession with intent to distribute a controlled substance), and Title 18 Sections 922(g) (unlawful possession of a firearm by a convicted felon) and 924(c) (possession of a firearm during and in furtherance of a drug trafficking

3

offense).

9.      Because this affidavit is submitted for the limited purpose of securing search warrants, I have not included each and every fact known to me concerning this investigation. I have set forth only facts that I believe are sufficient to establish probable cause.

II.      **PROBABLE CAUSE**

10.      On 07/28/2023, A Westfield Police Department (WPD) Police Officer observed a blue, 2021, Toyota Corolla, driving southbound on Interstate 39 (I-39), at mile marker 113, in the Village of Westfield, Marquette County, WI.  The WPD Officer noticed that the vehicle was traveling approximately 95MPH in a 70MPH zone.  The WPD Officer used the Stalker Dual SL radar to get a reading on the speed of the vehicle and observed that it was traveling at 93MPH in the 70MPH zone.  The WPD Officer checked the working condition of the radar unit before using it at the start of their shift.  The WPD Officer then activated his red and blue emergency lights on his fully marked squad car and proceeded to catch up to the Toyota.  Eventually the Toyota pulled over to the right shoulder of I39.

11.      The WPD Officer approached the vehicle and observed that there were two subjects inside the vehicle.  The WPD Officer made contact on the passenger side of the vehicle where the front passenger handed the WPD Officer a WI driver's license identifying her as Nicole M. Walker F/W XX/XX/1987, and a printed paper copy of a WI driver's license identifying the driver as Curtis WALKER.  While the WPD Officer was talking to the occupants of the vehicle he could smell a strong odor of marijuana coming from the vehicle.  Eventually the WPD Officer went back to his squad car to run the two individuals through his dispatch center.  They advised that WALKER had a valid instructional driving permit and was on probation for armed robbery. Dispatch also advised that Nicole Walker had a valid driver's license.  After getting this

4

information the WPD Officer requested a second squad car to assist him on the traffic stop. Eventually a Marquette County Sheriff's Deputy arrived on scene and both officers approached the vehicle. As the WPD Officer got to the passenger side of the vehicle, he asked the driver, WALKER, to turn off the vehicle and hand him the keys. WALKER shifted the vehicle into drive and paused before accelerating from the traffic stop at a high rate of speed.

12.     The WPD Officer and the Marquette Deputy began to pursue the Toyota that WALKER was driving southbound on I39. The pursuit lasted for approximately 25 miles and reached speeds of approximately 115 MPH. The Toyota was eventually stopped, and WALKER and Nicole were handcuffed and placed in the back of different squad cars. Before WALKER was placed inside the squad car, he was searched and $2,056 was found in his shorts pocket. After both the occupants were out of the vehicle, a Columbia County Deputy K9 officer ran his K9 partner around the Toyota and the K9 had a positive alert on the vehicle.

13.     A search of the vehicle by law enforcement revealed two handguns, five rounds of .32 caliber ammunition, 18 rounds of 9mm ammunition, a black digital scale, one black ski mask, plastic sandwich bags, 15.6 grams of suspected cocaine in plastic bag, 42.8 grams of suspected cocaine in a plastic bag, 28.3 grams of suspected marijuana, 138.9 grams of suspected marijuana in a vacuum sealed bag, 23.4 grams of suspect ecstasy, 2.3 grams of suspected marijuana in a purse, the "**Target Cell Phones,**" and 5.4 grams of suspect cocaine.

14.     Both Nicole and WALKER were taken to the Marquette jail where Nicole was asked to wait in the lobby. Eventually Nicole and the WPD Officer conducted a recorded interview together. Nicole was read her Miranda Rights and Waiver and agreed to make a statement without a lawyer. Nicole admitted that the 2.3 grams of marijuana belonged to her. Nicole also stated that she owns a Ruger pistol but that it was locked up at home. Nicole is not a felon. Nicole denied

5

anything else in the car belonging to her and stated that she was just in the car with WALKER to take a drive. After the interview Nicole was allowed to retrieve her laptop, purse, cellphone, and a handbag of hygiene products from the car. She was then issued a citation for the possession of marijuana and released at a nearby Kwik Trip.

15.     The WPD Officer attempted to interview WALKER who did not wish to provide a statement. The WPD Officer gave WALKER a citation for speeding. The WPD Officer advised WALKER that he would be requesting charges of bail jumping, felon in possession of a firearm, eluding an officer, possession with intent to deliver marijuana, possession with intent to deliver cocaine, and possession with intent to deliver fentanyl. WALKER then stated that he did not have any fentanyl and stated that the pills were ecstasy.

16.     The "**Target Cell Phones**" were tagged into the same evidence bag together at the Westfield PD under evidence item # 1. Eventually, SA Erlien retrieved the "**Target Cell Phones**" from Westfield PD and placed them into evidence at the ATF Milwaukee Field Office, Group III evidence vault. SA Erlien left the "**Target Cell Phones**" in their original evidence packaging and tagged them under ATF item # 000005.

17.     A review of WALKER's criminal history shows that at the time of this incident he was currently awaiting sentencing for a different case in which he pled guilty to felon in possession of a firearm and possession with intent to deliver cocaine.

18.     On 11/07/2023, SA Erlien was provided Etrace results for the recovered Ruger 9mm pistol recovered by Westfield PD on 07/28/2023 inside the backpack listed above. The Etrace showed that the Ruger was purchased by Nicole Walker on 02/06/2023 from CTR Firearms LLC in Janesville WI.

6

19.     On 11/14/2023, at approximately 10:14am SA Erlien contacted Nicole Walker through the telephone at 608-530-7305. SA Erlien identified himself as a Special Agent with ATF to Nicole and stated that he would like to schedule a time to meet with her in person to discuss the incident that took place on 07/28/2023 involving Curtis WALKER. Nicole advised that she does not trust law enforcement and that she was not sure if she was comfortable talking to SA Erlien. SA Erlien explained that he specifically wanted to talk to Nicole about the firearm found in the backpack of the car that shows purchased by her. Nicole stated that if SA Erlien ran the serial number, then he is aware that the firearm belongs to her and that she did not know what else there was to talk about.

20.     On 11/27/2023, SA Erlien listened to recorded jail calls of Curtis WALKER from the Marquette County Jail. SA Erlien specifically listened to calls between Curtis WALKER and Nicole Walker on 11/14/2023 at approximately 10:56am and 11:38am. SA Erlien observed that on 11/14/2023 at both 10:56am and 11:38am, after he had spoken to Nicole over the phone, a jail call between Nicole and Curtis WALKER took place. During the 10:56am call, Nicole admits that she lied to officers on scene when she stated that the handguns found in the backpack did not belong to her. Nicole also states, during her conversations with Curtis WALKER, that her bother assisted her in getting the laser and other firearms accessories that are affixed to the Ruger 9mm pistol. She also states that she called an attorney's office to ask them about her and SA Erlien's phone conversation, they told her that law enforcement may be looking at her for party to a crime. When Nicole says this, Curtis WALKER interjects and says that law enforcement cannot charge her with to party to a crime because she only knew about the firearms in the car and that she did not know anything about the drugs in the car that belonged to him. On the 11:38am call Curtis

7

WALKER states that he relapsed and that's why the drugs were in the car and that they did not belong to Nicole.

21.     Your affiant knows that subjects involved in crimes with other subjects often need to use their cell phones to coordinate their criminal activities. Specifically evidence of narcotics distribution and illegal firearm purchase(s), possession, and/or sales is commonly found on the dealer's cell phone(s). Your affiant is aware that narcotic and firearm traffickers often take or cause to be taken photographs, videos, and other visual depictions of themselves, their associates, their property, money, and their firearms/narcotics on their cell phones. Narcotic and firearm traffickers also typically keep and maintain these photographs, videos, and other visual depictions in cell phones located on their person or in areas where they exercise dominion and control.  Your affiant also knows that persons use their cell phones to post and view social media accounts like Facebook, as well as use other apps such as ones that track location(s), provide directions, and enable communication with others to name a few.

22.     Your affiant is aware that many cell phones capture or otherwise store GPS location tracking/logging files, may provide additional evidence as to the targets' travels, and may provide evidence as to the location where the alleged illegal actions occurred.  Similarly, said information may assist law enforcement with locating and identifying other subjects with whom the target(s) was involved in related to narcotics and/or firearms trafficking, including assisting in identifying the place or places where said illegal possession of firearms and/or narcotics may have occurred.

23.     SA Erlien is aware that cellphones found near drugs are often used to help facilitate the acquisition and distribution of drugs.  SA Erlien is also aware that it is common for drug dealers to have multiple cellphones in use as a way of avoiding detection by law enforcement.  SA Erlien knows through training and experience that a search of cellphone associated with drug activity

8

often provides valuable evidence regarding illicit drug activity, and that those involved in illicit drug activities will often use cell phones as an easy manner to communicate with their co-actors, customers, and their sources for controlled substances. From a law enforcement perspective, information obtained from recovered cell phones can lead to identifying those involved in illegal activity, can assist in identifying the locations where criminal conduct h]as occurred; and can assist in the identification of other co-actors. Cell phones can also provide information of locations where drugs were trafficked, as well as information as to the inner workings of the criminal activity as they may log the communication with co-actors and may record their transactions and aspects of their lifestyle related to their criminal activity.

24.     Similarly, your affiant is aware that many cellular telephones contain a list of contacts and associate names and telephone numbers and other identifying information. Your affiant asks that this information be included in the search warrant for the cellular telephone listed above and on the face of this search warrant, as it will assist in identifying the user/owner of this phone, assist in identifying the individuals with whom the user had contact, and may provide evidence of other co-actors and coconspirators.

25.     Your affiant is aware that cellular telephones frequently contain SD cards or other removable memory/storage devices upon which data, including photographs, videos, and other information, may be stored. Your affiant further requests that the court authorize the search of any removable drives, cards, memory devices or similar devices attached to or contained within said target telephone(s).

## III.     CONCLUSION

26.     Based on the information above, I submit that there is probable cause to believe that the Target Cell Phones will contain evidence of such narcotic and firearms trafficking criminal

offenses and may identify the person(s) who exercised control over the target phones as well as identify other actors, victims, and coconspirators and there is also probable cause to search the Target Cell Phone as described in Attachment A for evidence of these crimes, as described in Attachment B. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

## ATTACHMENT A

### *Items to be searched.*

**A1.**        Dark Grey smart phone with "cricket" and "TCL" printed on back. Originally labeled as part of evidence item # 1 under Westfield PD case # 23-W00174 and now currently labeled as part of evidence # 000005 under ATF case # 772120-23-0084.

**A2.**        Black smart phone with "TCL" printed on the back.  Originally labeled as part of evidence item # 1 under Westfield PD case # 23-W00174 and now currently labeled as part of evidence # 000005 under ATF case # 772120-23-0084.

**A3.**        Dary Grey flip phone with "TCL" printed on the back.  Originally labeled as part of evidence item # 1 under Westfield PD case # 23-W00174 and now currently labeled as part of evidence # 000005 under ATF case # 772120-23-0084.



*The above photograph is of the "**Target Cellphones**" with each individual cellphone labeled.

11

**ATTACHMENT B**

*Property to be seized*

All records and information contained in the target cell phone described in Attachment A, which relate to violations of Title 21, United States Code, Sections 841(a)(1), 846, and Title 18, United States Code, Sections 922(g) and 924(c) with regard to Curtis WALKER and other co-actors, and other known and unknown co-conspirators including, but not limited to:

a.      lists of contacts with any identifying information;

b.      photographs, videos, or other media storage connected to drugs, firearms or other related illegal activity.

c.      any stored GPS location tracking/logging files that may provide additional evidence as to the targets' travels and may provide evidence as to the location where the alleged illegal actions occurred.

d.      types, amounts, and prices of controlled substances and/or firearms purchased/sold;

e.      any information related to sources or purchasers of controlled substances and/or firearms (including names, addresses, phone numbers, or any other identifying information);

f.      any and all codes used to identify either controlled substances and/ or firearms;

i.      documentation establishing the identity of the individuals in control of the residences, the cell phones, and any of the illegal sale and possession of firearms and/or drug trafficking;

j.      any and all financial records connected to the purchase/sale of firearms, and/or drug trafficking and any correspondence regarding other firearms/drug trafficking and/or purchasers;

12

k.     any evidence of unlawful firearms possession, firearms trafficking, and drug trafficking;

l.     any evidence of proceeds of firearm and/or drug trafficking activities, including United States currency;

m.     all bank records, checks, credit card bills, account information, and other financial records; financial records, documents, statements, or other evidence of control of bank or other financial accounts and investment funds which may be connected to illegal firearms possession, firearms trafficking, or drug trafficking'

n.     lists of firearm and narcotic trafficking customers and/or sources and related identifying information;

o.     personal address books, telephone bills, photographs, letters, personal notes, documents, and other items or lists reflecting names, addresses, telephone numbers, addresses and communications regarding illegal activities among and between members and associates involved in firearm and drug trafficking activities;

p.     any evidence of documents and deeds reflecting the purchase or lease of items obtained with the proceeds from firearm and drug trafficking activities;

q.     records of off-site locations to store proceeds and other records, including safes, vaults, or lock boxes, safe deposit box keys, records and receipts and rental agreements for storage facilities;

r.     records of mail and communications services, cellular telephones and all electronic storage areas on the device including stored telephone numbers, recently called numbers list, text messages, digital audio and or video recordings, pictures, settings, and any other user defined settings and/or data;

13

s.	evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history; and

t.	records evidencing the use of the Internet Protocol address, including:

•	records of Internet Protocol addresses used;

•	records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

14